961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Valentin LAGUNA-FLORES, aka Jesus Flores-Vaguera; aka
Adrian Sisneros; aka Valentine Flores, Defendant-Appellant.
 No. 91-2227.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Jesus Valentin Laguna-Flores appeals his conviction under 18 U.S.C. § 1546 of knowingly subscribing as true a false statement with respect to a material fact in an application for permanent residence submitted to the Immigration and Naturalization Service (INS). On appeal, defendant argues the government failed to prove that he knowingly signed a false application. Because the evidence, when viewed in the light most favorable to the government, is sufficient proof of guilt beyond a reasonable doubt, we disagree with defendant's contention and affirm. See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986).
 
 
 2
 In November 1989, the INS received an application from defendant requesting that his temporary residence status be made permanent. One of the questions in the application asked whether defendant had been arrested in the interim between the grant of temporary status and his application for permanent residency. Defendant, who undeniably had been arrested during this time, answered "no" to this question and signed the application, certifying to its contents.
 
 
 3
 We acknowledge that the government bears the burden of proof beyond a reasonable doubt on all elements of a crime, In re Winship, 397 U.S. 358, 364 (1970); Patterson v. New York, 432 U.S. 197, 215 (1977) (construing Mullaney v. Wilbur, 421 U.S. 684 (1975)), and that to obtain a conviction under 18 U.S.C. § 1546 the government must prove that defendant "(1) knowingly, (2) [made] a false statement, (3) under oath, (4) in a document required by the immigration laws." United States v. Al-Kurna, 808 F.2d 1072, 1074 (5th Cir.), cert. denied, 481 U.S. 1023 (1987). We hold that the government proved all elements of the crime charged, including defendant's knowledge, beyond a reasonable doubt.
 
 
 4
 At trial, defendant's own testimony established that he knew the application required disclosure of arrests, V R. 69-70, that he had been arrested but indicated to the contrary on the application, id. at 70, 77-78, and that he signed the document certifying to its accuracy. Id. at 77. This evidence was sufficient to sustain the government's burden of proving that defendant knowingly subscribed as true a false statement with respect to a material fact in an application required by the immigration laws. Thus, the government proved beyond a reasonable doubt "every fact necessary to constitute the crime with which [defendant was] charged." In re Winship, 397 U.S. at 364.
 
 
 5
 Defendant's argument on appeal is based on his testimony that he did not read English and that a Catholic Relief Services worker helped him complete his application. He testified that when the Relief Services worker read him the question regarding prior arrests he informed the worker of his arrests for drunkenness, fighting, and filing a false report but was told that "only things like robbery or a felony" needed to be reported. V R. 78. Because of this misinformation, defendant argues that he could not have "knowingly" signed and submitted a document containing a false statement because he thought the information he was providing was true.
 
 
 6
 Defendant contends that the government should have called the Catholic Relief Services worker as a witness and that, without this witness to rebut his testimony, the government's proof of his knowledge fails. We disagree. The findings of the district court make no mention of defendant's testimony regarding the role of the Relief Services worker.[1] It is implicit, therefore, that the court did not believe defendant on this issue and found, instead, that defendant did knowingly submit a false application. It was the province of the trier of fact to make the credibility determination in this instance, and all such credibility choices on appeal must be made in support of the verdict of the trier of fact. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). In summary, we find the evidence of defendant's knowledge and the other elements of the crime charged, when viewed in the light most favorable to the government, sufficient proof of guilt beyond a reasonable doubt. See Hooks, 780 F.2d at 1531.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The court's entire discussion is as follows: "As to Count II, there's no doubt about it, that he had been arrested, been arrested three times. He signed the document, falsely signed the document, and therefore, I find him guilty under Count II." V R. 79-80